IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MIKA ALFARO,

        Plaintiff,             No. CIV S-08-1973 MCE KJM PS

   vs.

BEATRICE CLARK,

        Defendant.      <u>ORDER</u>

_____/

       Plaintiff is proceeding in this action pro se.  Plaintiff seeks relief pursuant to and has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis.  This proceeding was referred to this court by Local Rule 72-302(c)(21).

       Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them.  Accordingly, the request to proceed in forma pauperis will be granted.  28 U.S.C. § 1915(a).

       The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(e)(2).

/////

1    A claim is legally frivolous when it lacks an arguable basis either in law or in

2  fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-

3  28 (9th Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an

4  indisputably meritless legal theory or where the factual contentions are clearly baseless.

5  Neitzke, 490 U.S. at 327.

6    A complaint, or portion thereof, should only be dismissed for failure to state a

7  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set

8  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &

9  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer

10  v. Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a

11  complaint under this standard, the court must accept as true the allegations of the complaint in

12  question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the

13  pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,

14  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

15    The court finds the allegations in plaintiff's complaint so vague and conclusory

16  that it is unable to determine whether the current action is frivolous or fails to state a claim for

17  relief.  The court has determined that the complaint does not contain a short and plain statement

18  as required by Fed. R. Civ. P. 8(a)(2).  Although the Federal Rules adopt a flexible pleading

19  policy, a complaint must give fair notice and state the elements of the claim plainly and

20  succinctly.  Jones v. Community Redev. Agency, 733 F.2d 646, 649 (9th Cir. 1984).  Plaintiff

21  must allege with at least some degree of particularity overt acts which defendants engaged in that

22  support plaintiff's claim.  Id.  Because plaintiff has failed to comply with the requirements of

23  Fed. R. Civ. P. 8(a)(2), the complaint must be dismissed.  The court will, however, grant leave to

24  file an amended complaint.

25    If plaintiff chooses to amend the complaint, plaintiff must set forth the

26  jurisdictional grounds upon which the court's jurisdiction depends.  Federal Rule of Civil

Procedure 8(a).  As the complaint now stands, there is no apparent basis for jurisdiction.

Further, plaintiff must demonstrate how the conduct complained of has resulted in a deprivation

of plaintiff's federal rights.  See Ellis v. Cassidy, 625 F.2d 227 (9th Cir. 1980).

In addition, plaintiff is informed that the court cannot refer to a prior pleading in

order to make plaintiff's amended complaint complete.  Local Rule 15-220 requires that an

amended complaint be complete in itself without reference to any prior pleading.  This is

because, as a general rule, an amended complaint supersedes the original complaint.  See Loux v.

Rhay, 375 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original

pleading no longer serves any function in the case.  Therefore, in an amended complaint, as in an

original complaint, each claim and the involvement of each defendant must be sufficiently

alleged.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  Plaintiff's request to proceed in forma pauperis is granted;

2.  Plaintiff's complaint is dismissed; and

3.  Plaintiff is granted thirty days from the date of service of this order to file an

amended complaint that complies with the requirements of the Federal Rules of Civil Procedure,

and the Local Rules of Practice; the amended complaint must bear the docket number assigned

this case and must be labeled "Amended Complaint"; plaintiff must file an original and two

copies of the amended complaint; failure to file an amended complaint in accordance with this

order will result in a recommendation that this action be dismissed.

DATED:  August 28, 2008.

_____
U.S. MAGISTRATE JUDGE

006
alfaro1973.ifp-lta

3